MICHAEL REICH

v.

ADELAIDE M. BERDEL.

*Injunctions—Dissolution of—Damages—Attorney's Fees—Separation of Services—Rehearing.*

1. Damages may be assessed upon a litigant's liability for attorney's fees on the dissolution of an injunction obtained against such person, and non-payment thereof on his part is no bar to a recovery.

2. In such case the damages allowed should only cover services rendered touching such dissolution.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon.
EGBERT JAMIESON, Judge, presiding.

Messrs. BLUM & BLUM, for appellant.

Mr. E. A. SHERBURNE, for appellee.

GARY, J.    This is an appeal from a decree awarding dam-
ages to the appellee upon the dissolution of an injunction
which the appellant had obtained against her.

The award is principally for attorney's fees, which three
attorneys testified were usual and reasonable fees.    That she
had not paid them was no obstacle to her recovery, as she was
liable to pay her attorney a usual and reasonable fee, and for
that liability damages may be assessed.    Richardson v. Chasen,
59 E. C. L. 756, 10 Ad. & El. (N. S.) 756.

*Decree affirmed.*

*On Petition for Rehearing.*

[Opinion filed October 23, 1889.]

GARY, J.    On the 29th of May last an opinion was filed
affirming the decree in this case.    On the petition of the
appellant a rehearing was granted upon the suggestion that
the damages allowed upon the dissolution of the injunction
covered the expense of defending the whole case.

When the injunction was dissolved the appellant voluntarily
dismissed his bill.    The appellee had filed a plea and answer,
and her solicitor in preparing that plea and answer, and in
obtaining such information in regard to the facts as enabled
him to prepare them, had necessarily done much that would
have been useful for the defense of the suit upon its merits,
if the appellant had prosecuted it.    All the services which
were recited in the evidence, except the notice of, and attend-
ance upon the motion to dissolve the injunction, and all the

expenses of exhibits, were applicable to the defense upon the merits.

The injunction was but in anticipation that the final relief might be complete if the suit was successful. The evidence does not separate the services and show the usual price and value of such as were applicable to the dissolution of the injunction only. The decree is reversed and the cause remanded. Gerard v. Gateau, 15 Ill. App. 520.

*Reversed and remanded.*